IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK J. BLOODWORTH,

       Plaintiff,                No. CIV S-09-3348 GEB EFB P

    vs.

N. HAYWARD, et al.,

       Defendants.         <u>ORDER</u>

_____/

     Plaintiff, a former prisoner, brings this lawsuit under 28 U.S.C. § 1983, and is proceeding *in propria persona*.  This case was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

     Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security therefor.  Accordingly, the request to proceed *in forma pauperis* will be granted.  28 U.S.C. § 1915(a).  Determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

1    Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

2   520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if

3   it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

4   *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

5   (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of

6   his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

7   a cause of action's elements will not do. Factual allegations must be enough to raise a right to

8   relief above the speculative level on the assumption that all of the complaint's allegations are

9   true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable

10  legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

11  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12      In reviewing a complaint under this standard, the court must accept as true the allegations

13  of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740

14  (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

15  the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must

16  satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule

17  8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the

18  pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the

19  grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)

20  (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

21      The Civil Rights Act under which this action was filed provides:

22          Every person who, under color of [state law] . . . subjects, or causes to be
            subjected, any citizen of the United States . . . to the deprivation of any rights,
23          privileges, or immunities secured by the Constitution . . . shall be liable to the
            party injured in an action at law, suit in equity, or other proper proceeding for
24          redress . . . .

25  42 U.S.C. § 1983. An individual defendant is not liable on a civil rights claim unless the facts

26  establish the defendant's personal involvement in the constitutional deprivation or a causal

2

1   connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

2   *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

3   (9th Cir. 1978)

4        Plaintiff claims that correctional officer Hayward caused him to be placed in

5   administrative segregation without due process or just cause.  He states that he was given a

6   consecutive SHU term for an offense that had occurred before his first SHU term.  He alleges

7   that this is improper because under state law, consecutive SHU terms shall be assessed only for

8   offenses occurring after the commencement of a prior determinate SHU term.

9        The Due Process Clause of the Fourteenth Amendment protects prisoners from being

10  deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

11  In order to state a claim for deprivation of due process, a plaintiff must first establish the

12  existence of a liberty interest for which the protection is sought.  *See Hewitt v. Helms*, 459 U.S.

13  460, 466 (1983) ("While no State may deprive any person of life, liberty, or property, without

14  due process of law, it is well settled that only a limited range of interests fall within this

15  provision.") (internal quotations omitted).  Liberty interests created by state law are generally

16  limited to freedom from restraint which "imposes atypical and significant hardship on the inmate

17  in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

18  *See Wilkinson v. Austin*, 545 U.S. 209, 223-24, 228 (2005) (finding that Ohio's placement

19  procedures were "adequate to safeguard an inmate's liberty interest in not being assigned to [a

20  Supermax facility].")  The court finds that, for the purposes of this initial screening, plaintiff has

21  stated a fourteenth amendment claim against correctional officer N. Hayward.

22       The complaint contains no allegations against L.J. Ostrom, Mr. Bush, or Does 1-25.  It is

23  plaintiff's responsibility to allege facts to state a plausible claim for relief.  *Iqbal*, 129 S. Ct. at

24  1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  Plaintiff may not proceed

25  against these defendants unless he cures these deficiencies in an amended complaint.

26  ////

Plaintiff may elect to proceed with his claims against defendant Hayward, or he may file an amended complaint stating cognizable claims against L.J. Ostrom, Mr. Bush, or Does 1-25. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).  If plaintiff elects to attempt to amend his complaint to state cognizable claims against L.J. Ostrom, Mr. Bush, or Does 1-25, he has 30 days so to do.  He is not obligated to amend his complaint.

Should plaintiff choose to file an amended complaint, he shall identify each defendant in both the caption and the body of the amended complaint, and clearly set forth the allegations against each such defendant.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed.  *See* Local Rule 110.

Accordingly, it is hereby ORDERED that:

1.  Plaintiff's request to proceed in forma pauperis is granted.

2.  Claims against L.J. Ostrom, Mr. Bush, and Does 1-25 are dismissed with leave to amend.  Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants.  Plaintiff is not obligated to amend his

complaint.

3. The allegations in the pleading are sufficient at least to state a cognizable claim against defendant Hayward. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the complaint filed December 2, 2009, one USM-285 form and instructions for service of process on defendant Hayward. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and two copies of the December 2, 2009 complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendant Hayward will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure. In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants Ostrom, Bush, and Does 1-25 without prejudice.

4. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: October 18, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK J. BLOODWORTH,

        Plaintiff,                No. CIV S-09-0338 GEB EFB P

        vs.

N. HAYWARD, et al.,

        Defendants.          <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

_____/

        In accordance with the court's order filed _____, plaintiff hereby elects to:

        (1) _____ consent to the dismissal of defendants Ostrom, Bush and Does 1-25 without prejudice, and submits the following documents:

              __1__       completed summons form

              __1__       completed forms USM-285

              __2__       copies of the December 2, 2009 Complaint

        **<u>OR</u>**

        (2) _____ delay serving any defendant and files a first amended complaint in an attempt to state cognizable claims against defendants Ostrom, Bush and Does 1-25.

Dated:

                               _____

                                  Plaintiff